UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JOHN J. CHAPMAN,

2003 NOV 18  A 9: 57

Plaintiff,

US DISTRICT COURT
BRIDGEPORT CT

- against -

Case No. 03 CV 316 SRU

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.,

Defendants.

## MEMORANDUM OF LAW REGARDING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF JOHN SOLBERG'S CREDIT INFORMATION

Defendant, Chase Manhattan Bank, USA, N.A. ("Chase") respectfully submits this Memorandum of Law regarding plaintiff's motion for an Order compelling Chase to produce documents related to John Solberg's (Solberg) credit.

### Preliminary Statement

Plaintiff seeks to compel Chase to produce "certain credit material" regarding Solberg. Solberg is not a party to this action. He has not consented to the production of the materials.

Pursuant to Connecticut Banking Law and the Fair Credit Reporting Act (FCRA), Chase may not produce the materials without a Court order specifying which documents and information must be produced. Moreover, Solberg must be permitted ten days to challenge the order before Chase produces the documents.

## ARGUMENT

## CHASE WITHHELD SOLBERG'S CREDIT INFORMATION TO COMPLY WITH CONNECTICUT LAW AND THE FAIR CREDIT REPORTING ACT

A financial institution may not disclose a customer's financial records except in response to "a lawful subpoena, summons, warrant or court order . . .." C.G.S.A. § 36a-42.[1]  Financial records include a customer's account records showing transactional history and credit information.  C.G.S.A. § 36a-41(2); 15 U.S.C. § 6801 et seq., 16 C.F.R. § 313, and C.G.S.A. § 36a-42.

Moreover, if this court issues the order requested by plaintiff, Chase must wait ten days after plaintiff serves the order on Solberg before Chase may disclose Solberg's records. C.G.S.A. § 36a-43; see generally Morgan v. Brown, 592 A.2d 925, 219 Conn. 204 (1991) (customer has ten days to challenge order before the financial institution may disclose records).  Violation of this statute is a crime.  C.G.S.A. § 36a-45.

Thus, Chase refused to provide documents containing information related to Solberg until ordered to do so by the court.

Plaintiff states that Chase did not disclose Solberg's information because it believes "itself to be a credit reporting agency."  This is incorrect.

Plaintiff made his credit the central issue of this lawsuit.  He then threatened to sue Chase and Experian pursuant to the FCRA if Experian provided Chase with plaintiff's credit information without one of the permissible purposes set forth in the FCRA .  This forced Chase to obtain the court order compelling Experian to disclose

---

[1] Chase is a financial institution.   15 U.S.C. § 6809(3), 12 U.S.C. § 1843(k), 16 C.F.R. § 313.3(k)(1), and C.G.S.A. § 36a-41(1).

plaintiff's credit information to Chase.

To avoid a lawsuit from Solberg on similar grounds, Chase refused to provide information related to Solberg's credit until ordered to do so.  If Chase disclosed Solberg's information to plaintiff without a court order, Solberg could sue Chase for violating the FCRA.    See 16 CFR 313, Final Rule Promulgated By Federal Trade Commission 65 FR 33646 at n.1 (bank's sharing of consumer's account history with a third party may be "prohibited by the FCRA, because the [bank] likely would become a consumer reporting agency subject to its restrictions on reporting information to third parties).

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that if the court issues an order compelling Chase to produce documents related to John Solberg, that the order specify exactly which documents must be produced.

Dated:    East Meadow, New York
          November 17, 2003

                                    Simmons, Jannace & Stagg, L.L.P.

                                    BY:
                                        Thomas E. Stagg
                                        (Juris No. Ct 23429)
                                    Attorneys for Defendant
                                    Chase Manhattan Bank, USA, N.A.
                                    **Office & P.O. Address:**
                                    90 Merrick Avenue, Suite 102
                                    East Meadow, New York 11554
                                    (516) 357-8100

## CERTIFICATE OF SERVICE

JOHN J. CHAPMAN

v.

EXPERIAN INFORMATION SERVICES, INC., et al.

U.S.D.C., District of Connecticut
Case No. 3:03 CV 316 (JCH)

This is to certify that a copy of the foregoing MEMORANDUM OF LAW REGARDING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF JOHN SOLBERG'S CREDIT INFORMATION was mailed, **via Federal Express**, for delivery on Tuesday, November 18, 2003 by 12:00 p.m., prior to the latest time designated by that service for such delivery, on this 17th day of November, 2003, to:

Joanne S. Faulkner, Esq.
Attorney(s) for Plaintiff
**Office & P.O. Address:**
123 Avon Street
New Haven, Connecticut 06511
(203) 772-0395

Sevan Ogulluk, Esq.
Jones Day
Attorney(s) for Defendant
Experian Information Services, Inc.
**Office & P.O. Address:**
222 East 41st Street
New York, New York 10017
(212) 326-3977

BY:  _____

ANDREW KAZIN
Simmons, Jannace & Stagg, L.L.P.