UNITED STATES DISTRICT COURT  FILED
DISTRICT OF CONNECTICUT

JOHN J. CHAPMAN                                    2003 DEC -1  P 12: 20

v.                                                 CASE NO. 3:03CV 316 (JCH)

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.                     December 1, 2003

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY ORDERS:
CHASE

As verified by Chase's Ex. Q, p. 95, the Court anticipated that all discovery would be exchanged within 30 days of August 19, 2003. As admitted by Chase's overly bulky Doc. No. 57 filing, Chase has not yet complied with Production requests 9, 15, 16, 17, 25, 26, and 27.[1] Chase contends that it need not produce those documents because there is no confidentiality order. A confidentiality order was in place for a month, Doc. No. 54. Instead of providing the documents, Chase had the confidentiality Order vacated, when it could have been left in place and modified. Doc. No. 55. A party's attorney may not "arrogate[] control of discovery to himself . . . and change the date of compliance to suit his own convenience and that of his client." Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983).

The other parties are proceeding as if the confidentiality order were in place, as the Court repeatedly made very clear it would be. Ex. Q at 11, lines 1-4; 30 lines 16-17.

---

[1] After plaintiff filed his motion, Chase provided the interrogatory responses to the extent they asked for identification of the personnel involved.

Chase has still not provided a response to interrogatory 8, as ordered. Its failure to provide a decoded translation of the items on the account records, in particular who did what on what date, was called to its attention by Def. Ex P. Compare account records, Def. Ex. E at Bates 6-10, with Def. Ex K which begins at line 23 and does not include the account records at Bates 6 or 10.

Plaintiff should not have to file a Rule 37 motion to elicit compliance with orders entered over two months previously, on August 19, 2003. Defendant's belated and partial compliance with interrogatories, and admitted noncompliance with production requests is contrary to discovery principles and interferes with the Court's ability to control its docket, as well as the parties' ability to process the case speedily and economically.

                                        THE PLAINTIFF


                                        BY _____
                                        JOANNE S. FAULKNER ct04137
                                        123 Avon Street
                                        New Haven, CT 06511
                                        (203) 772-0395

      This is to certify that the foregoing was mailed on November 29, 2003, postage prepaid, to:

Thomas Stagg  
Simmons, Jannace & Stagg  
90 Merrick Ave # 102  
East Meadow NY 11554

Michelle Blum  
Jones Day  
3 Park Plaza   #1100  
Irvine CA 92614-5976

                                              _____  
                                              Joanne S. Faulkner