UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -1  P 12: 20

JOHN J. CHAPMAN

V.  CASE NO. 3:03CV 316 (JCH)

EXPERIAN INFORMATION SOLUTIONS, INC.
CHASE MANHATTAN BANK USA, N.A.   DEC. 1, 2003

PLAINTIFF'S RESPONSE TO CHASE MEMORANDUM
RE SOLBERG MATERIAL, DOC. NO. 61

This Court granted plaintiff's Motion to Compel certain Solberg material in response to Production Request 29. After specifically stating it would not oppose such a motion (letter of Sept. 24, 2003), and after representing that it would comply (email of Nov. 17, 2003, attached), Chase has filed Doc. No. 61, which requests the Court to specify which documents must be produced. The opposition is both belated and moot.

Prod. 29 appears at Ex. I of Doc. 62. it seeks "Credit reports received by Chase concerning John Solberg, SSN [omitted] during 2002, requested and to be produced pursuant to the confidentiality order entered on the record Aug. 19, 2003, for Solberg material."

Chase's Response was simply, "Chase cannot disclose any credit reports on John Solberg until plaintiff has a permissible purpose under the FCRA to receive them." Thus Chase not only understood what plaintiff was asking, but agreed that it would not oppose plaintiff's motion for a court order, which would provide the permissible purpose. Now that the Order has entered (No. 60, endorsement), Chase has interposed further inapplicable roadblocks based on Connecticut law and an out-of-context quote from the FTC which does not apply where there is a court order. Since Solberg is not a Connecticut resident, *since the credit reports are not financial records as defined by Connecticut law in any event,* and since Chase has already provided Solberg's account records without objection <u>and</u> put them on the public record (Doc. No. 62, Ex. I), there is no possible basis for Chase to defy the court order it invited and said it would comply with.

Thus, Chase should have complied with the Order within ten days thereof. D. Conn. L. Civ. Rule 37(a)5. "District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002).

                                      THE PLAINTIFF

                                  BY _____
                                  JOANNE S. FAULKNER ct04137
                                      123 Avon Street
                                      New Haven, CT 06511-2422
                                      (203) 772-0395
                                      j.faulkner@snet.net

## Joanne Faulkner

**From:** "Andy Kazin" <akazin@sjslaw.com>
**To:** "Joanne Faulkner" <j.faulkner@snet.net>
**Cc:** "Thomas E. Stagg" <tstagg@sjslaw.com>; "Sevan Ogulluk (E-mail)" <sogulluk@JonesDay.com>; "Mblum (E-mail)" <mblum@jonesday.com>
**Sent:** November 17, 2003 10:01 AM
**Subject:** RE: Chapman1

When we see an order, we will, of course, comply. We have yet to see one.

-----Original Message-----
From: Joanne Faulkner [mailto:j.faulkner@snet.net]
Sent: Saturday, November 15, 2003 11:19 AM
To: Andy Kazin
Subject: Re: Chapman1


I think the order that was signed must have been for the Solberg material, since it was unopposed.

Please provide ASAP

Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net



---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.541 / Virus Database: 335 - Release Date: 11/14/03

11/29/03

  This is to certify that the foregoing was mailed on November 29, 2003, postage prepaid, to:

Thomas Stagg
Simmons, Jannace & Stagg
90 Merrick Ave # 102
East Meadow NY 11554

Michelle Blum
Jones Day
3 Park Plaza  #1100
Irvine CA 92614-5976

                _____
                Joanne S. Faulkner