UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN CHAPMAN | : | |
|    Plaintiff | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | 3-03-cv-316 (JCH) |
| | : | |
| EXPERIAN INFORMATION | : | DECEMBER 2, 2003 |
| SERVICES, INC., ET AL | : | |

**RULING RE: MOTION FOR DISCOVERY ORDERS: CHASE**
**[DKT. NO. 57]**

On October 28, 2003, the plaintiff moved this court to enter "a default against defendant, CHASE, an order that the allegations of the complaint shall be taken to be established against the defendant Chase, and an order striking its affirmative defenses," all because of the failure of defendant Chase Manhattan Bank to comply with outstanding discovery requests. In particular, the plaintiff claims that Chase has not provided documents responsive to production requests 9, 11, 15-17, and 25-27, nor has Chase provided a complete sworn response to Interrogatories 2 through 8. Chase responded by filing an extensive memorandum together with exhibits marked A though DD. The court having reviewed the materials submitted, it denies plaintiff's motion. It does so for the following reasons.

First, with respect to Chase's refusal to produce documents pursuant to the specific production requests listed above, Chase responds that it has not done so because a

- 1 -

protective order has not been entered.  Chase is correct in its assertion, the Order entered by the court having been withdrawn upon Chase's Motion to Reconsider.  While the court laments that production could not have gone forward in the absence of such an order, pending its entry, nonetheless Chase is correct that, at the status conference held in August, the court did say clearly that production would occur after the entry of the protective order.  Therefore, it was not improper for Chase to have withheld the documents.  However, a protective order has entered today, and, therefore, the documents should be produced forthwith.

With respect to the failure of Chase to provide a sworn response to Interrogatories 2 through 8, Chase responds that it inadvertently failed to forward some supplemental responses and that the sworn-to version has now been provided.  Based upon the exhibits attached to Chase's memorandum and no reply from the plaintiff, the court assumes that what has been done subsequent to the filing of the plaintiff's motion satisfied the plaintiff's demands.

Further, with respect to Request 11, the court finds that the affidavit submitted by Chase, revealing efforts to search for court decisions regarding switched social security numbers, is a sufficient response to the plaintiff's Request for Production no. 11.  Obviously, if documents responsive to the request subsequently become known to Chase, such documents should be produced.

In its motion, Chase points out that the plaintiff has failed to comply with the Local Rules. While Chase is correct that the plaintiff has failed to iterate the production requests at issue, the court excuses plaintiff's oversight in this instance because the nature of the discovery shortcomings were matters for which the court did not need the text of the discovery requests at issue (with the possible exception of Request No. 11). However, the court reminds the plaintiff that, in the future, all discovery motions must comply with the Local Rules.

Finally, Chase complains about the fact that plaintiff's pleadings are not signed. The court notes that the original filed with the court is signed. (Failure to do so would, of course, result in the return of the pleadings). The court directs the plaintiff that, in the future, she copy what she files with the court so that the opposing party has exactly what is filed in court. The court does not deem service of an unsigned copy upon counsel to be sufficient. A copy of what is filed must be served.

For the foregoing reasons, the court denies the plaintiff's motion for discovery orders in their entirety. With respect to Chase's request that attorney's fees and costs be assessed against plaintiff's counsel for the filing of the motion, the court declines to do so. However, the court is concerned that the parties are not dealing with each other in a prompt, efficient and good-faith fashion with respect to discovery disputes. (For example, there appears to have been no response to an email of Chase's counsel explaining an oversight and requesting

a withdrawal of at least a portion of the motion.)

The court expects the parties to communicate frequently on discovery matters and to work in good faith towards resolving them without the necessity of filing of any motions. In the future, should the court determine that there has been failure to do so, it intends to enter sanctions.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of December, 2003.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge