UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN CHAPMAN | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | 3-03-cv-316 (JCH) |
| | : | |
| EXPERIAN INFORMATION | : | DECEMBER 2, 2003 |
| SERVICES, INC., ET AL | : | |

**RULING RE:**
**MOTION FOR PROTECTIVE ORDER [DKT. NO. 53] and**
**CHASE'S MOTION FOR PROTECTIVE ORDER [DKT. NO. 42-2]**

On September 9, 2003, the court entered in part the protective order proposed by the plaintiff with her Motion for Protective Order [Dkt. No. 53]. The court modified the plaintiff's proposed protective order and also rejected the protective order proposed by Experian Information Services, Inc. ("Experian")[Dkt. No. 42-2]. Subsequent to the entry of the court's protective order, defendant, Chase Manhattan Bank ("Chase"), filed an opposition to the plaintiff's motion for protective order. The court treated that opposition [Dkt. No. 55] as a motion to reconsider the granting of the plaintiff's motion for protective order in part, and the denial of defendant Experian's motion for protective order. Thus, both Experian's motion and the plaintiff's motion for protective order are pending.

The court has again carefully considered the proposed protective orders of the plaintiff and Experian in light of Chase's opposition to the plaintiff's motion. Among

Chase's objections are an objection to paragraph 4 of the plaintiff's proposed protective order.  In granting the plaintiff's protective order, however, the court deleted paragraphs 4(d) through 4(j) from the proposed protective order.  To the extent that defendant Chase objects to paragraphs 3 and 4(c), which place the burden on the party claiming confidentiality to make such a claim only after a good-faith consideration of whether there is a basis for the same, and then to be able, in the first instance, to justify that assertion upon the objection of an opposing party, the court rejects Chase's objections.  The court has the sense that defendants may have an excessive view of what is confidential and therefore deems it appropriate in this case that, in the first instance, the defendants be able to provide, not unlike upon the assertion of privilege, some minimal basis for the assertion and then, if the receiving party contests that designation, to bear the burden of coming to court for determination.  Needless to say, the court expects and hopes that such disputes will be minimal or non-existent, because the parties will reach agreement.  However, if there is not agreement, the court will resolve the matter on the claiming party's motion.

    Defendant Chase also objects to the assertion by the plaintiff of the word "non-dispositive" in the fifth paragraph of his proposed order (which is otherwise comparable to paragraph 3 of Experian's proposed order).  The court agrees with defendant Chase and, therefore, strikes the word "non-dispositive" from the plaintiff's proposed protective order.

Further, Chase notes that the plaintiff's proposed order does not include any language comparable to paragraph 8 of Experian's proposed order, concerning the fact that nothing related to designations of confidential matter shall constitute evidence of any kind. The court agrees with Chase that such language is appropriate and, therefore, includes Experian's paragraph 8 in its protective order.

Finally, Chase objects to placing the burden of the expense of the return of documents designated confidential, at the end of the litigation, upon the producing/designating parties. The court finds no reason why such a cost-bearing provision is inappropriate. The party who seeks the protection should be willing to pay the expense connected with that protection. If the designating party wished to avoid it, it could always opt to accept the representation of the receiving party's counsel that the documents have been destroyed, a practice which is common in situations like this.

Therefore, the court orders that the plaintiff's proposed form of Protective Order shall enter, with the amendments made to the court initially in its September 9, 2003 Order, as well as by adding paragraph 8 of defendant Experian's proposed Order and striking the word "non-dispositive" in paragraph 5 of the plaintiff's Proposed Order.

The court directs the plaintiff to submit a form of protective order to the court which reflects this Ruling. In doing so, the plaintiff should delete the introductory paragraph ("the court having orally . . ."); should delete paragraphs 4(d) through 4(j) in

their entirety; delete the word "non-dispositive" in paragraph 5; and add paragraph 8 of defendant Experian's proposed order as a new paragraph 9, and renumber the originally proposed paragraphs 9 and 10 to be 10 and 11.

While the court will enter the protective order as formally prepared and submitted by the plaintiff in conformance with this Order, the parties should deem that the protective order is in place, as set forth in this Order, from today.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of December, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge