# SIMMONS, JANNACE & STAGG, L.L.P.

| | | |
|---|---|---|
| KEVIN P. SIMMONS<br>STEVEN D. JANNACE<br>THOMAS E. STAGG*◊<br>DEBRA LYNNE WABNIK* | ATTORNEYS AT LAW<br>THE FINANCIAL CENTER<br>90 MERRICK AVENUE<br>SUITE 102<br>EAST MEADOW, NEW YORK 11554<br>(516) 357-8100<br>FAX (516) 357-8111 | COUNSEL<br>SUSAN B. JANNACE<br>VIRGINIA COYNE<br>ROSS M. CHINITZ △<br>KRISTEN RENZULLI*<br><br>*ALSO ADMITTED NJ<br>△ALSO ADMITTED CT<br>◊ALSO ADMITTED DC |
| W... T. COLLINS, III<br>JA ...INE DELLA CHIESA<br>SA )ELUCA △<br>KA FITZGERALD<br>DA '. GREGORY*<br>KE . HOLLAND<br>J. KANG<br>AN KAZIN<br>MI D. KERN △<br>ST A. SALTZMAN<br>JU . STOGER<br>MI : E. TARSON* | 45 ESSEX STREET, SUITE 200<br>HACKENSACK, NJ 07601<br><br>700 CANAL STREET<br>STAMFORD, CONNECTICUT 06902 | |

December 17, 2003

RECEIVED 2003 DEC 18 A 9:43

VIA OVERNIGHT MAIL
The Honorable Janet C. Hall
United States District Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re:  Chapman v. Experian Information Services, Inc.
     and Chase Manhattan Bank USA, N.A.
     Case No.: 03 CV 316 (JCH)

Dear Judge Hall:

We represent defendant Chase Manhattan Bank USA, N.A. ("Chase"). On December 2, 2003, the court issued a revised confidentiality order. The final paragraph set forth the revisions plaintiff was ordered to incorporate into the prior confidentiality order so that a final confidentiality order could be entered by the court.

By letter dated Decemeber 3, 2003, plaintiff requested that the court re-insert the word "non-dispositive" in paragraph five of the confidentiality order. He argued that documents used at trial or filed with a dispositive motion "belong to the public" and may not be held under seal.

Plaintiff's request to modify the order and insert language that preemptively unseals confidential documents conflicts with Second Circuit precedent. According to the Second Circuit, a court should not modify a protective order absent an extraordinary circumstance

[Handwritten margin note: Treating this as another objection to plaintiff's motion to modify protective order (Dkt. No. 53) it is denied. The court entered the protective order on 12/2/03 and it did not contain the word "non-dispositive" in para. 5. So Ordered.]

The Honorable Janet C. Hall
December 17, 2003
Page 2

or a compelling need.  See Securities & Exch. Comm'n v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001).

Moreover, documents supporting a dispositive motion do not automatically "belong to the public."  Rather, documents material to a granted summary judgment motion deserve a presumption of access because they have been used in the judicial process.[1]  See The Diversified Group, Inc. v. Daugerdas, 217 F.R.D. 152, 158-59 (S.D.N.Y. 2003)  Nevertheless, they should only be unsealed if the court, after examining the documents, determines that they will help the public understand the judicial process and that the public's need for that understanding outweighs the need to keep the documents sealed.  See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995); Kelly v. The City of N.Y., 2003 WL 548400 at *1 (S.D.N.Y. Feb 24, 2003); Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc., 26 F Supp.2d 606, 612 (S.D.N.Y. 1998).[2]  Courts should be guided by whether the documents are generally available.  See Amodeo, 71 F.3d at 1050.

Here, no summary judgment motions have been filed, let alone granted.  Neither the parties nor the court can yet identify which documents might be filed in connection with a summary judgment motion.  Inserting the word "non-dispositive" in the order would strip the court of its jurisdiction to examine each document, determine whether access to it will help the public understand the judicial process, and consider whether that understanding outweighs the need to keep the documents secret.

The cases plaintiff cites are inapposite.  In Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir.), the Ninth Circuit specifically limited its holding to "when parties other than the original litigants may gain access to materials" under protective seal.  In United States v. Graham, 257 F.3d 143 (2d Cir. 2001), a news company that was not a party to the criminal litigation sought access to videotapes.  The court held that the company was entitled to copy the videotapes because they were already publicly played during a pretrial hearing that was open to the public.  Id. at 155-56.

Similarly, In In re Sealed Case, 199 F.3d 522 (9th Cir. 2000), a group of news organizations sought a rule requiring the district court to establish a public docket of grand jury ancillary proceedings.   The court denied the request on the ground that there is no precedent for a public docket of motions related to the grand jury.  Id. at 526-27. The case is limited to whether motions regarding the grand jury should be public.  It has nothing to do with whether documents supporting a dispositive motion in civil litigation should be accessible to the public.

---

[1] Documents submitted on a motion for summary judgment that is denied are entitled to a weak presumption of access.  See United States v. Graham, 257 F.3d 143, 151 (2d Cir. 2001).

[2] A copy of Kelly v. The City of N.Y. is annexed hereto as Exhibit A.

The Honorable Janet C. Hall
December 17, 2003
Page 3

      For these reasons, it is respectfully requested that the court deny plaintiff's request to have the word "non-dispositive" reinserted into paragraph five.

Respectfully submitted,

Thomas E. Stagg
(Juris No. CT 23429)

cc:   Joanne S. Faulkner, Esq.
      (via overnight mail)
   Sevan Ogulluk, Esq.
      Jones Day
      (via overnight mail)

chambers-ltr07