## SIMMONS, JANNACE & STAGG, L.L.P.

KEVIN P. SIMMONS
STEVEN D. JANNACE
THOMAS E. STAGG*◊
DEBRA LYNNE WABNIK*

W T. COLLINS, III
JA .INE DELLA CHIESA
SA )ELUCA △
KA FITZGERALD
DA '. GREGORY*
KE . HOLLAND
J. KANG
AN KAZIN
MI D. KERN △
ST A. SALTZMAN
JU . STOGER
MI : E. TARSON*

ATTORNEYS AT LAW
THE FINANCIAL CENTER
90 MERRICK AVENUE
SUITE 102
EAST MEADOW, NEW YORK 11554
(516) 357-8100
FAX (516) 357-8111

45 ESSEX STREET, SUITE 200
HACKENSACK, NJ 07601

700 CANAL STREET
STAMFORD, CONNECTICUT 06902

COUNSEL

SUSAN B. JANNACE
VIRGINIA COYNE
ROSS M. CHINITZ △
KRISTEN RENZULLI*

*ALSO ADMITTED NJ
△ALSO ADMITTED CT
◊ALSO ADMITTED DC

03CV31608J

[Handwritten margin note: Treating this as an Atthal objection to plaintiff's motion to protective order (Oct No. 53). It is granted. The court entered the protective order on 12/2/03 and it does not contain the word "non-dispositive" by para. 5. So Ordered 1/2/04]

December 17, 2003

[Stamp: RECEIVED 2003 DEC 18 A 9:43 CHAMBERS JANET C. HALL U.S. DISTRICT JUDGE]

**VIA OVERNIGHT MAIL**
The Honorable Janet C. Hall
United States District Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re: Chapman v. Experian Information Services, Inc.
and Chase Manhattan Bank USA, N.A.
Case No.: 03 CV 316 (JCH)

Dear Judge Hall:

We represent defendant Chase Manhattan Bank USA, N.A. ("Chase"). On December 2, 2003, the court issued a revised confidentiality order. The final paragraph set forth the revisions plaintiff was ordered to incorporate into the prior confidentiality order so that a final confidentiality order could be entered by the court.

By letter dated Decemeber 3, 2003, plaintiff requested that the court re-insert the word "non-dispositive" in paragraph five of the confidentiality order. He argued that documents used at trial or filed with a dispositive motion "belong to the public" and may not be held under seal.

Plaintiff's request to modify the order and insert language that preemptively unseals confidential documents conflicts with Second Circuit precedent. According to the Second Circuit, a court should not modify a protective order absent an extraordinary circumstance