ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN J. CHAPMAN,

        Plaintiff,

   - against -

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.,

        Defendants.

---

Case No. 303 CV 316 JCH

FILED 2004 JAN 26 A 9:53
US DISTRICT COURT
BRIDGEPORT

## CHASE'S MOTION FOR A PROTECTIVE ORDER

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendant Chase Manhattan Bank, USA, N.A. ("Chase") moves for a protective order quashing or putting over plaintiff's Renotice of Deposition, dated January 16, 2004. An affirmation is submitted herewith.

Dated: East Meadow, New York
       January 23, 2004

                      SIMMONS, JANNACE & STAGG, L.L.P.

                      By: _____
                          Thomas E. Stagg
                          (Juris No. Ct 23429)
                          Attorneys for Defendant
                          Chase Manhattan Bank USA, N.A.
                          The Financial Center
                          90 Merrick Avenue, Suite 102
                          East Meadow, New York 11554
                          (516) 357-8100

NOM-Protective Order

**ORAL ARGUMENT NOT REQUESTED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------
JOHN J. CHAPMAN,

                Plaintiff,          Case No. 303 CV 316 JCH

    - against -

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.,

                Defendants.
------------------------------------------------

## CHASE'S AFFIRMATION SUPPORTING ITS MOTION FOR A PROTECTIVE ORDER

1. I am a member of the firm of Simmons, Jannace & Stagg, L.L.P., attorneys for the defendants Chase Manhattan Bank, USA, N.A. ("Chase").

2. I submit this affirmation in support of Chase's request for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. Plaintiff served upon Chase a "Renotice of Deposition," dated January 16, 2004, seeking a Rule 30(b)(6) witness for a deposition on January 29, 2004. See Exhibit A, annexed hereto.

4. Because Chase's designated Rule 30(b)(6) witness, Paul Arena, is not available on that date, Chase seeks a protective order quashing or putting over plaintiff's Renotice of Deposition.

5. The parties have conferred in good faith regarding this matter. Plaintiff has no objection to taking the deposition of Chase's Rule 30(b)(6) witness during the first week of February, 2004, but claims to not want to run afoul of the Court's scheduling order which set discovery cutoff at January 30, 2004. In fact, Chase's designated Rule 30(b)(6) witness is available for one day

**ORAL ARGUMENT NOT REQUESTED**

between February 4-6, 2004, but plaintiff will not select a date for his deposition since it is beyond the discovery cutoff date.

6. By separate motion, Chase has moved to extend the discovery deadline from January 30, 2004 to March 30, 2004, so as to enable this deposition and others to take place.

7. This motion is necessary because it is not certain whether the Court will rule on Chase's request for an extension before the scheduled deposition date.

8. For these reasons, Chase respectfully requests that the Court issue a protective order.

Dated: East Meadow, New York
January 23, 2004

SIMMONS, JANNACE & STAGG, L.L.P.

By: _____
Thomas E. Stagg
(Juris No. Ct 23429)
Attorneys for Defendant
Chase Manhattan Bank USA, N.A.
The Financial Center
90 Merrick Avenue, Suite 102
East Meadow, New York 11554
(516) 357-8100

aff protective order

2
**ORAL ARGUMENT NOT REQUESTED**

## CERTIFICATE OF SERVICE

JOHN J. CHAPMAN
v.
EXPERIAN INFORMATION SERVICES, INC., et al.

U.S.D.C., District of Connecticut
Case No. 3:03 CV 316 (JCH)

This is to certify that a copy of the foregoing CHASE'S MOTION FOR A PROTECTIVE ORDER was sent via e-mail as listed, and mailed, first class mail, postage prepaid, on this 23rd day of January, 2004, to:

Joanne S. Faulkner, Esq.
Attorney(s) for Plaintiff
**Office & P.O. Address:**
123 Avon Street
New Haven, Connecticut 06511
(203) 772-0395
j.faulkner@snet.net

Michelle M. Blum, Esq.
Jones Day
Attorney(s) for Defendant
Experian Information Services, Inc.
**Office & P.O. Address:**
3 Park Plaza
Suite 1100
Irvine, California 92614
(949) 851-3939
mblum@jonesday.com

BY: _____
THOMAS E. STAGG
Simmons, Jannace & Stagg, L.L.P.

service39

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN J. CHAPMAN

v.                                                                    CASE NO. 3:03CV 316 (JCH)

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.                January 16, 2004

RENOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of the Rule 30(b)(6) deposition of a knowledgeable person or persons designated by Chase on the 29th day of January, 2004, at 10:00 a.m. to be held at the offices of Sanders, Gale & Russell, 437 Orange Street, New Haven CT before a competent authority. Thereafter, examination will continue from day to day until completed. The matters on which examination is requested include the allegations of the complaint, answer and affirmative defenses herein; the history of the subject account and John Solberg's account including the identity, authority and training of all persons who made entries thereon; locations of and systems whereby defendant stored, retrieved, altered, edited, reproduced, reconstructed, or generated account information; general practices and procedures for reporting accounts to credit bureaus and backup or archiving of the reports including any audit trail; the actual reportings done as to the subject account; the general practices and procedures for responding to credit bureau disputes from 2001 to 2003; each step actually taken in the receipt and processing of, and response to, each credit bureau dispute notice regarding the subject account; the responsibilities, background, training, and experience of each of the individuals involved in the receipt, processing and response to credit bureau dispute

notices in this case; policies, practices and procedures relating to account reviews; the process of granting credit, reducing credit, review and rating/ credit scoring of the subject account; policies, practices and procedures relating to retraction of authority to use credit card, online rejection of credit card at point of sale and records of refusal to authorize any of plaintiff's point of sale transactions during November, 2002; policies, practices and procedures relating to adverse action notices; background, circumstances, and creation of Paul Arena's letter of December 25, 2002; Paul Arena's background, training and experience; policies, practices and procedures relating to reduction in credit limits on the subject account; policies, practices and procedures relating to bankruptcy of an account holder; sources of information relating to bankruptcy of account holders; record keeping and document retention policies as to the above areas of inquiry; circumstances of Chase's obtaining plaintiff's credit information on January 13, 2003 and the persons and method of obtaining it; defendant's corporate structure, gross income and net worth at the end of 2002.

You are invited to attend and cross-examine.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395