ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN J. CHAPMAN,

    Plaintiff,

- against -                  Case No. 03 CV 316 JCH

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.,

    Defendants.

---

**CHASE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR ATTORNEY'S FEES, COSTS, AND THE REDEPOSITION OF PLAINTIFF AT CHASE'S COUNSEL'S OFFICE**

FILED
2004 MAR -8 A 9:42
US DISTRICT COURT
BRIDGEPORT CT

Simmons, Jannace & Stagg, L.L.P.
Attorneys for Defendant
Chase Manhattan Bank, USA, N.A.
Office & P.O. Address:
90 Merrick Avenue, Suite 102
East Meadow, New York 11554
(516) 357-8100

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN J. CHAPMAN,

    Plaintiff,

    - against -                          Case No. 03 CV 316 JCH

EXPERIAN INFORMATION SERVICES, INC.
CHASE MANHATTAN BANK USA, N.A.,

    Defendants.

---

## CHASE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR ATTORNEY'S FEES, COSTS, AND THE REDEPOSITON OF PLAINTIFF AT CHASE'S COUNSEL'S OFFICE

Defendant, Chase Manhattan Bank, USA, N.A. ("Chase"), by its attorneys, Simmons, Jannace & Stagg, L.L.P., respectfully submits this Memorandum of Law in opposition to plaintiff's motion for a protective order. Chase requests that this Court issue an order compelling plaintiff to reappear for a deposition at Chase's counsel's office and directing plaintiff's counsel to pay Chase the attorneys' fees and costs it incurred in responding to this motion and attending the aborted deposition.

### Nature of the Case

Plaintiff alleges violations of the Fair Credit Reporting Act (FCRA),[1] Equal Credit Opportunity Act (ECOA), Connecticut Unfair Trade Practices Act (CUTPA) and Consumer Credit Reports Act (CCRA). Plaintiff also asserts unspecified common law claims. He seeks actual, statutory and punitive damages, attorney's fees and equitable relief. See ¶ 1 of Complaint, annexed hereto as Exhibit "A."

Chase is not liable to plaintiff because it has complied with all applicable statutes.

---

[1] Plaintiff's counsel withdrew this claim when she stipulated, on the record at plaintiff's deposition, that the FCRA claim was withdrawn. See Transcript annexed as Exhibit "B", p. 10, lines 5-25; p. 11, lines 1-3.

## Preliminary Statement

Plaintiff has submitted three prior meritless motions. All were denied. Plaintiff now seeks a protective order terminating plaintiff's deposition. This motion is equally frivolous and belated.[2] Her conduct during plaintiff's deposition violated FRCP 30.

This is not the first time plaintiff's counsel violated the FRCP during the deposition of a client. In <u>Artese v. Academy Collection Serv.</u>, 1998 WL 314026 (D. Ct. June 5, 1998),[3] Judge Goettel sanctioned plaintiff's counsel for similar inappropriate conduct :

> A further mistake of plaintiff's counsel is her belief that if she thinks deposition questions exceed those matters properly relevant at trial, she may direct her client not to answer. Directions not to answer . . . are not and should not be made. If a line of questions seem to go far out of the realm of relevance, the proper approach is to cease the deposition and seek judicial rulings. The questions to which she directed her client not to respond to were for the most part not so extreme as to warrant interrupting the deposition.

<u>Id.</u> at *1.

During Chase's questioning in this case, plaintiff's counsel repeatedly stated improper speaking objections. She appears on nineteen of the forty pages of transcript recorded while plaintiff was present. Plaintiff's counsel unilaterally deemed the deposition terminated after thirteen pages of questioning. (Exhibit "B" at p. 14.)[4] After one hour of questioning, she again terminated the deposition and walked out of the

---

[2] The Orders denying plaintiff's motions to strike Chase's affirmative defenses, "deem allegations in the complaint admitted" and default Chase are annexed as Exhibits "C," "D" and "E" respectively. The court is respectfully reminded that plaintiff seeks to recover attorney's fees pursuant to CUTPA and the FCRA. The frivolity of this motion raises the specter that plaintiff's counsel has filed this motion merely to increase attorney's fees.

[3] A copy of this decision and the first page of the docket sheet are annexed as Exhibit "F".

[4] The sentence that begins with "Let the record reflect" on page 41 of the transcript was stated by Attorney Stagg, and not Attorney Faulkner as the transcript reflects. Attorney Faulkner and her client were not in the deposition room at this time.

building with her client.

Counsel for Experian and Chase immediately called Your Honor's chambers for guidance on how to proceed. We were told we should request a conference with the court.

Approximately ten minutes later, plaintiff's counsel and plaintiff returned to the deposition room. Before Chase resumed questioning, Chase attempted to call Magistrate Judge Fitzsimmons for a ruling. Plaintiff's counsel refused to participate and again left the premises. Although Experian's counsel was present, Chase did not place the call because plaintiff was not.

Plaintiff now attempts to deflect attention from his own obstructive conduct. His motion is belated. It is also factually and legally wrong.

Moreover, the Motion, Memorandum of Law, and Local Rule 37 affidavit are not signed. This violates this court's order dated December 2, 2003 directing plaintiff's counsel to serve Chase with signed documents.

Accordingly, the motion should be denied. Plaintiff should be ordered to appear for a deposition at Chase's counsel's office. Plaintiff's counsel should be required to reimburse Chase for the costs and attorney's fees it incurred in taking plaintiff's deposition and defending plaintiff's fourth frivolous motion.

## ARGUMENT

Speaking objections or the refusal to allow a witness to answer questions during a deposition are prohibited. FRCP 30(c); see Morales v. Zondo, Inc., 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (sanctioning counsel for repeatedly interjecting during deposition); SS&J Morris, Inc. v. I. Appel Corp., 2000 WL 1028680, at * 2-3 (S.D.N.Y. July 26,

2000)[5] (same); <u>Learning Int'l, Inc. v. Competence Assurance Sys., Inc.</u>, 1990 WL 204163, at * 3 (S.D.N.Y. Dec. 13, 1990)[6] (same); <u>Gould Investors, L.P. v. General Ins. Co. of Trieste & Venice</u>, 133 F.R.D. 103, 103 (S.D.N.Y. 1990) (requiring counsel to state objection for the record and allow witness to testify). An attorney defending a deposition is required to note his objection and allow the witness to testify. See <u>id</u>. Attorneys are prohibited from making any comments which might suggest or limit a witness's answer. See <u>Armstrong v. Hussman Corp.</u>, 163 F.R.D. 299, 302-03 (E.D. Miss. 1995) (awarding deposing party costs and attorneys fees where adversary repeatedly interrupted deposition).

If counsel believed the deposition was being taken in bad faith or abusive, she was required to present the matter to the Court *during the deposition*. FRCP 30(d); <u>Ralston Purina Co. v. McFarland</u>, 550 F.2d 967, 973 (4th Cir 1977.); <u>Howell v. Standard Motor Products, Inc.</u>, 2001 WL 456241, at * 3 (N.D. Tx. April 27, 2001)[7]; <u>Armstrong</u>, 163 F.R.D. at 302.

Chase twice attempted to contact the court to resolve the disputes. Both times, plaintiff refused to participate in the call and left the building.

### POINT I

### PLAINTIFF SHOULD NOT PROFIT FROM OBSTRUCTIVE CONDUCT

**A.    Plaintiff's Counsel Refuses to Allow Plaintiff
To Answer Questions Regarding the FCRA claim**

Plaintiff's complaint asserted a claim against Chase pursuant to the FCRA. (Exhibit "A", ¶ 17.) Yet eight pages into the deposition, plaintiff's counsel blocked

---

[5] A copy of this decision is annexed as Exhibit "G".
[6] A copy of this decision is annexed as Exhibit "H".
[7] A copy of this decision is annexed as Exhibit "I".

4

Chase from questioning plaintiff about the claim. Plaintiff's counsel refused to allow the witness to answer questions on the grounds that they were "overbroad" "vague" or legal questions. As set forth above, this was a violation of FRCP 30(c).

Stagg: Sir, do you have any evidence to support a claim that Chase failed to investigate a dispute with regard to the credit card at issue in this case?

Faulkner: Once again, this is a - - this calls for a legal conclusion on the part of the witness. It is also vague and overbroad.

(p. 9)

Stagg: Sir, is it your contention in this lawsuit that Chase failed to conduct a reasonable investigation with regard to a dispute that you lodged with a consumer reporting agency?

Faulkner: Objection. Calls for a legal conclusion.

Stagg: You can answer.

Faulkner: If he's a lawyer, he can answer.

Stagg: Are you instructing the witness not to answer the question?

Faulkner: That is not a proper question, so you can ask him a different way perhaps.

Stagg: I'm asking are you instructing the witness not to answer the question?

Faulkner: What was the question?

Stagg: Can you read it back, please?

Faulkner: I will again object to it as vague and overbroad.

Stagg: You can answer the question.

Faulkner: I don't think so, not the way it's posed.

Stagg: Sir, do you understand the question?

Chapman: Yes.

5

Stagg: Please answer it. I would ask that you not look to your lawyer for guidance.

Faulkner: I don't think he understands the question.

(pp. 8-9)

Plaintiff's counsel then claimed that the FCRA claim was withdrawn. (Exh "B", p. 10 lines 5-25, p. 11 l. 1-3.) Yet, on this motion, plaintiff contends that Chase violated the Fair Credit Reporting Act. (Plaintiff's Mem at 1.) Plaintiff cannot avoid deposition questions regarding the FCRA claim by stating it is withdrawn, and then represent to the court that it is still being asserted.

**B.** **Plaintiff Refuses to Answer Questions Regarding Damages**

Plaintiff's counsel refused to allow plaintiff to answer questions regarding his damages because she believes these are "legal questions."

Stagg: With respect to Chase, sir, what actual damages are you claiming in this case?

Faulkner: Objection as to a legal question.

Stagg: Are you instructing the witness not to answer?

Faulkner: That is a legal question.

(p. 11)

Stagg: What damages are you alleging against Chase?

Faulkner: The allegations are in my bailiwick. That's a legal question.

Stagg: Just so we are clear on this, it's your position that my request to ask this witness what damages he suffered is a legal question?

Faulkner: Yes.

Stagg: Are you instructing the witness not to answer?

6

Faulkner:   You already have his answers in written discovery, which is the proper way to get those questions.

(pp. 12-13)

Stagg:   Sir, now answer the question, please. What damages have you suffered - -

Faulkner:   That is vague - -

Stagg:   - - as pertains to Chase?

Faulkner:   - - overbroad and a legal question.

(p. 13)

Stagg:   Do you understand what I mean by damages, sir?

Faulkner:   That is a legal question. "Damages" encompasses legal response. You may ask him for actual fact.

(p. 15)

Counsel defending a deposition may not object on the ground that a question seeks a legal conclusion. See Howell, 2001 WL 456241, at * 3 (sanctioning plaintiff's counsel where plaintiff's counsel directed plaintiff not to answer because question called for a legal conclusion); Collins v. International Dairy Queen, Inc., 1998 WL 293314, at * 2 (M.D. Ga. June 4, 1998)[8] (counsel may not object to a question on the ground that it seeks a legal conclusion); Whicker v. Consolidated Rail Corp., 1998 WL 31460, at * 1 (N. D. Ill. March 30, 1998)[9] (same).

Notably, plaintiff used the word "damages" while testifying. (Ex. B p.16, l.6) Plaintiff's argument that he cannot explain his damages is absurd.

---

[8] A copy of this decision is annexed as Exhibit "J".
[9] A copy of this decision is annexed as Exhibit "K".

### C. Chase May Question Plaintiff About His Interrogatory Responses

Plaintiff argues that Chase cannot ask question at a deposition if responsive information is in an interrogatory. This is incorrect. Plaintiff's counsel ignored Judge Goettel's explanation to plaintiff's counsel that:

> Depositions and interrogatories serve different purposes. A witness at trial can give an answer inconsistent to a deposition answer and the deposition serves only to establish a prior inconsistency. On the other hand, an interrogatory answer binds a party just as its pleadings do unless the Court grants a motion to amend.

Artese, 1998 WL 314026, at *1 (June 5, 1998).

The cases cited by plaintiff are inapposite. In Maple Drive-In Theatre Corp. v. RKO Corp., 153 F.Supp. 240 (S.D.N.Y. 1956), Hopkinson Theatre Inc. v. RKO, 18 F.R.D. 379 (S.D.N.Y. 1956), and U.S. v. National Steel Corp., 26 F.R.D. 599 (S.D.Tex. 1960), the courts were deciding whether a party was required to answer interrogatories. Deposition testimony was not discussed.

### D. Chase Has Not Waived Its Right To Depose Plaintiff

Plaintiff argues that Chase waived its right to depose plaintiff because it did not want to continue the deposition. (Plaintiff's Mem. at 6.) This is a distortion of the truth.

Fourteen pages into the deposition, plaintiff's counsel terminated it for the first time.

> Faulkner: Okay. The deposition is over. Thank you.
>
> Stagg: Are you ending this deposition?
>
> Faulkner: Yes, we are ending the deposition.
>
> (p.14)

8

On two subsequent occasions, plaintiff's counsel again terminated the deposition and left the building when Chase wanted to proceed with questioning. Both times, plaintiff refused to participate in conference calls to the court to resolve disputes. Plaintiff's counsel informed Chase that she would only remain if Chase deposed plaintiff on topics acceptable to plaintiff.

> Stagg: So you have no documents as you sit here today that would support any claim for embarrassment, humiliation, inconvenience, injury to credit reputation, out-of-pocket costs for mail, telephone, or copy of credit reports, right?
>
> Chapman: All of the papers that are on this table, Mr. Stagg.
>
> Stagg: Point to the papers, sir, specifically and the paragraphs.
>
> Faulkner: That is enough of this. That is enough. I'm not going to stand for this harassment. He has answered this question four times.
>
> Stagg: No, he hasn't. He has pointed to documents on this table. I'd like him to point to specific words in the documents on this table. Now, if you would do that, sir, I would be most in your debt.
>
> Faulkner: Thank you. Mr. Rota, do you want to take your part of the deposition?
>
> Stagg: I'm not done.
>
> Faulkner: You're done.
>
> Rota: Mr. Stagg has the floor. You'll have to work this out.

(pp. 37-38)

> Faulkner: Did you want to go on to another topic or not.
>
> Stagg: No. I want an answer to that question. I have other topics that I will, that I intend to cover, but you're not allowing me to do that.
>
> Faulkner: If you want to go onto other topics, you may at this point. I see you have five or six folders there with some additional questions. If you want to ask them, you may.

9

Stagg: I'd like to call the court right now and get an immediate ruling on this. Is there a telephone in this room?

Faulkner: The deposition is over and we are leaving.

(p. 40)

## POINT II

### PLAINTIFF VIOLATES THIS COURT'S ORDER AND MAKES MISLEADING CERTIFICATIONS TO THE COURT

**A.  Plaintiff Violated This Court's Order**

By order dated December 2, 2003, this Court ordered:

> The Court directs the plaintiff, that in the future, she copy what she files with the court so that the opposing party has exactly what is filed in court. The court does not deem service of an unsigned copy upon counsel to be sufficient. A copy of what is filed must be served.

See Exh. "E" at 3.

Once again, the Motion, Memorandum of Law in Support and Local Rule 37 Affidavit plaintiff served on Chase are not signed. Copies of these are annexed hereto as Exhibits "L", "M" and "N", respectively. Accordingly, the Court should deny the motion in its entirety.

**B.  Plaintiff's Rule 37 Affidavit Distorts the Truth**

Plaintiff's counsel certified that she "offered both Chase and Experian the opportunity to continue the plaintiff's deposition of February 24, 2004. Both declined." Plaintiff's counsel also certified that Chase was "still not interested in going forward" after the parties reconvened. These are distortions.

As set forth above, plaintiff's counsel unilaterally terminated the deposition on three occasions. Plaintiff refused to remain in the deposition room unless Chase asked

10

questions that plaintiff's counsel deemed appropriate. Moreover, plaintiff twice refused to participate in a call to the court. Accordingly, plaintiff's motion should be denied.

## POINT III

### CHASE SHOULD BE AWARDED THE ATTORNEYS' FEES AND COSTS IT INCURRED TAKING PLAINTIFF'S DEPOSITION AND DEFENDING THIS MOTION

FRCP 30(d)(3) provides:

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

As set forth above, plaintiff's counsel impeded Chase from conducting plaintiff's deposition. Accordingly, plaintiff's counsel should be required to pay Chase its attorney's fees and costs for the deposition and defending this motion. See Morales, 204 F.R.D. at 54 (sanctioning counsel for repeatedly interjecting during deposition); SS&J Morris, Inc., 2000 WL 1028680, at * 2-3 (same); Learning Int'l, Inc., 1990 WL 204163, at * 3 (same); Howell, 2001 WL 456241, at * 3 (same); Armstrong, 163 F.R.D. at 302 (same); Whicker, 1998 WL 31460, at * 1 (same).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny plaintiff's motion. Chase also respectfully requests that the Court issue an Order compelling plaintiff to reappear for deposition at Chase's counsel's office and directing plaintiff's counsel to pay Chase the attorneys' fees and costs it incurred in responding to this motion and attending the aborted deposition.

Dated:   East Meadow, New York
         March 5, 2004

                                        Simmons, Jannace & Stagg, L.L.P.

                                        BY: _____
                                        Thomas E. Stagg
                                        (Juris No. Ct 23429)
                                        Attorneys for Defendant
                                        Chase Manhattan Bank, USA, N.A.
                                        **Office & P.O. Address:**
                                        90 Merrick Avenue, Suite 102
                                        East Meadow, New York 11554
                                        (516) 357-8100

## CERTIFICATE OF SERVICE

JOHN J. CHAPMAN
v.
EXPERIAN INFORMATION SERVICES, INC., et al.

U.S.D.C., District of Connecticut
Case No. 3:03 CV 316 (JCH)

This is to certify that a copy of the foregoing CHASE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND FOR ATTORNEY'S FEES, COSTS, AND THE REDEPOSITION OF PLAINTIFF AT CHASE'S COUNSEL'S OFFICE was mailed, via Airborne Express, for delivery on Monday, March 8, 2004 by 10:30 a.m., prior to the latest time designated by that service for such delivery, on this 5th day of March, 2004, to:

Joanne S. Faulkner, Esq.
Attorney(s) for Plaintiff
**Office & P.O. Address:**
123 Avon Street
New Haven, Connecticut 06511
(203) 772-0395

Albert J. Rota, Esq.
Jones Day
Attorney(s) for Defendant
Experian Information Services, Inc.
**Office & P.O. Address:**
222 E. 41st Street
New York, New York 10017
(212) 326-3939

BY: _____
ANDREW KAZIN (ct 24833)
Simmons, Jannace & Stagg, L.L.P.

cert service46