**PROCEDURES FOR THE CONDUCT OF DEPOSITIONS
IN THE <u>CHAPMAN</u> CASE PURSUANT TO COURT ORDER
OF MARCH 10, 2004 (Case No.:  3-03-cv-316 (JCH))**

Any deponent who objects to these procedures must file with the court a Motion for Protective Order in advance of his/her deposition.

1.    Deposing counsel will only ask questions of the witness.  Deposing counsel will not argue with, threaten, or berate the witness.

2.    Witness counsel's objections should be succinct, stating the basis of the objection by citing the appropriate federal rule or evidence doctrine and nothing more.  Witness's counsel will not suggest an answer in the objection.  If he/she has a clear basis to do so (<u>e.g.</u>, privilege), witness's counsel may instruct the witness not to answer.  If so, there will be no argument or discussion; deposing counsel will then ask another question.

3.    Counsel will not engage in any argument during a deposition.

4.    The witnesses will not argue with deposing counsel.  The witness will answer questions posed by deposing counsel, after any objection, and unless instructed not to do so.

5.    Any comments, behavior, or argument outside these limits will result in monetary sanctions against counsel or the witness.  Further, if deposing counsel's conduct substantially violates this Order, then the court will likely deny any request to continue a deposition.  On the other hand, if the

conduct of witness's counsel or the witness substantially violates this Order, then the court will likely grant as many continuances as reasonably necessary to complete a deposition.

6. If a witness is instructed to, and does, not answer a question, the deposing counsel may move to compel an answer. If that motion is granted, the deponent's counsel who gave the instruction will be sanctioned. If the motion is denied, the deposing counsel who asked the question and moved to compel will be sanctioned.